UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO CLAY, <br><br>            Plaintiff, <br><br>     v. <br><br> CATES, <br><br>            Defendant. | No.  1:20-cv-00971-EPG (PC) <br><br> ORDER DENYING MOTION REQUESTING SETTLEMENT CONFERENCE <br><br> (ECF No. 11) <br><br> ORDER DENYING MOTION FOR ORDER TO RETURN PROPERTY <br><br> (ECF No. 10) |

   DeAngelo Clay ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On September 28, 2020, the Court denied Plaintiff's motion for a settlement conference without prejudice. (ECF No. 8). On September 29, 2020, the Court entered a screening order, finding Plaintiff's complaint failed to state a claim and granting thirty days to file an amended complaint or stand on his complaint. (ECF No. 9). On September 30, Plaintiff filed a motion requesting a settlement conference. (ECF No. 11). And on October 1, 2020, Plaintiff filed a "Letter to the Judge," which requests an order requiring the return of all his property. (ECF No. 10). As discussed below, the Court construes this letter as a motion. For the reasons below, the Court denies both of Plaintiff's motions.

///

### I. MOTION FOR SETTLEMENT CONFERENCE

The Court denied Plaintiff's previous motion for a settlement conference. (ECF No. 8). For the reasons described therein, the Court denies Plaintiff's instant motion, which requests the same relief.

### II. MOTION FOR ORDER TO RETURN PROPERTY

The Court treats the "Letter to the Judge" as a motion for an order to return Plaintiff's property. For the following reasons, the Court denies Plaintiff's motion.

Plaintiff states that "Defendant/CDCR" are "making it nearly impossible to litigate my case because they purposely haver lost my property" and "without my property I can[']t litigate this case[.] I don't have anything and also I[']m being refused access to the law library due to me being quarantined[.]" (ECF No. 10 at 1-2). Plaintiff requests that the Court "contact both Tehachapi CCI and High Desert State Prison and order them to give me my property immediately without any forms of reprisal." (*Id.* at 2). Plaintiff alleges that following his transfer, he is being denied his property.

The only pending deadlines in this case relate to Plaintiff's response deadline to the Court's screening order. Plaintiff's response is due October 29, 2020. If Plaintiff requires additional time to respond to the screening order, he can file a motion for an extension of time.

In addition, Plaintiff requests all his property, not just his legal property. Plaintiff does not explain why his non-legal property is necessary to respond to the Court's screening order. Therefore, Plaintiff's requested relief extends beyond that which is necessary for his case.

Plaintiff also alleges that he does not have access to the law library due to being quarantined related to COVID-19 infection. The Court notes that there is an ongoing pandemic and that access to the library due to that pandemic may be necessary for health and safety reasons. The Court will not order Plaintiff be given special access to the law library during his quarantine period.

The Court notes that if Plaintiff concludes his constitutional rights are being violated, Plaintiff may file another lawsuit under section 1983 after exhausting his administrative remedies.

**III.  ORDER**

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's motion for a settlement conference is DENIED; and
2. Plaintiff's motion for order to return property is DENIED.

IT IS SO ORDERED.

Dated:   **October 5, 2020**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE