UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO CLAY,<br><br>            Plaintiff,<br><br>      v.<br><br>CATES,<br><br>            Defendant. | No. 1:20-cv-00971-EPG (PC)<br><br><u>SCREENING ORDER</u><br><br><u>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED</u><br><br>(ECF No. 18)<br><br><u>21-DAY DEADLINE</u><br><br><u>ORDER FOR CLERK OF COURT TO ASSIGN DISTRICT JUDGE</u> |

   Plaintiff DeAngelo Clay ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 14, 2020. (ECF No. 1). Plaintiff filed a second amended complaint ("SAC"), which is now before the Court for screening, on January 21, 2021. (ECF No. 18). The Complaint brings claims concerning his institution of confinement's response to the COVID-19 pandemic. The Court finds that the Complaint fails to state any cognizable claims. For the reasons that follow, the Court recommends dismissing Plaintiff's complaint without further leave to amend.

///

## I. BACKGROUND

Plaintiff filed his original complaint on June 14, 2020. (ECF No. 1). It brought claims concerning how the California Department of Corrections and Rehabilitation ("CDCR") is handling COVID-19. (*Id.*) The Court issued its first screening order on September 29, 2020. (ECF No. 9). The Court found that Plaintiff failed to state a claim because Plaintiff did not allege what Defendant did. The Court provided relevant legal standards and granted leave to amend. (*Id.* at 5-12). In addition, the Court noted that Plaintiff requested release, (*id.* at 3), and that Plaintiff must bring such relief through habeas cases, (*id.* at 7). The Court ordered the Clerk of Court to provide Plaintiff with a habeas petition.

Plaintiff filed his first amended complaint on November 3, 2020. (ECF No. 13). It was on a form used for petitions for a writ of habeas corpus. It again made allegations concerning Plaintiff's conditions of confinement with respect to COVID-19. (*Id.*) The Court entered its second screening order on November 12, 2020. (ECF No. 14). The Court found that Plaintiff failed to state a claim because it still lacked allegations concerning what actions or omissions Defendant took and because it lacked sufficient factual allegations to show Plaintiff's rights were violated. (*Id.* at 7). The Court provided some guidance to Plaintiff:

> If Plaintiff chooses to amend his complaint, Plaintiff may include additional allegations regarding defendant Cates, such as allegations suggesting that he personally participated in the alleged deprivation, that he instituted a policy that caused the deprivation, that he knew of the alleged deprivation but failed to prevent it, or that his failure to train or supervise his subordinates led to the alleged deprivation.
>
> Additionally, or alternatively, Plaintiff can also name as a defendant any other person he believes directly caused the conditions at issue and/or who knew of the conditions but failed to correct them.  If Plaintiff does not know the names of certain prison officials, he may describe them to the best of his ability and name them as "Doe Defendants," such as "Doe Defendant 1, a correctional officer working on July 14, 2020," to be identified by name and substituted in as a party with the help of discovery during the litigation.  Plaintiff must allege what that person did or failed to do and any facts that cause Plaintiff to believe that the person acted with deliberate indifference as described above.
>
> Finally, Plaintiff should include additional factual allegations regarding the seriousness of the allegedly unconstitutional conditions of confinement.

> Plaintiff should describe the isolation procedures, the quarantine procedures, and the testing procedures that are in place. Plaintiff should also describe why he believes these procedures are inadequate. Additionally, Plaintiff should describe how long he has been forced to go without soap and disinfectant, and the consequences of this, if any.

(*Id.* at 7-8).

The Court granted leave to amend. (*Id.* at 8). Plaintiff filed the SAC on January 21, 2021, (ECF No. 18), which is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## III.   ALLEGATIONS IN THE COMPLAINT

The SAC alleges as follows:

At the outset, the SAC is on the form of a petition for a writ of habeas corpus. The only named defendant is Cates.

Plaintiff's supporting facts for his claims read as follows:
> CDCR was not adequately prepared to respond to a possible outbreak of COVID-19 the deadly disease caused by the novel coronavirus at CCI-Tehachapi. CCI staff we're not following COVID protocol set forth by the state of California by not phiscal distancing staying 6ft away from others, not passing out extra soap, availability to soap, inadequate sanitation, know disinfectant was passed out, showers werent cleaned/phones we're never disinfected and building surfaces we're never disinfected.

(ECF No. 18 at 3) (as in original).

Plaintiff brings claims under the Eighth Amendment and Article I, Section 17 of the California Constitution.

## IV.   SECTION 1983

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

///

4

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

5

promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## V. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer,* 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health

6

or safety. *Id.* at 837.  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer,* 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's SAC suffers from the same defects as his first amendment complaint. The following paragraph, from the Court's second screening order, applies equally here:

> It is not entirely clear who Plaintiff is bringing this action against.  There are no factual allegations against any defendant, nor is there a section where Plaintiff lists the defendants.  Warden Cates is listed in the caption, but there are no factual allegations suggesting that defendant Cates personally participated in the alleged deprivation, that he instituted a policy that caused the deprivation, that he knew of the alleged deprivation but failed to prevent it, or that his failure to train or supervise his subordinates led to the alleged deprivation.  There are also no allegations that any given person was aware of a deprivation and chose to disregard an excessive risk to Plaintiff's inmate health or safety.

(ECF No. 14 at 7).

In addition, the Court provided guidance in its second screening order concerning the types of substantive allegations Plaintiff should include to state an Eighth Amendment claim.  (*Id.* at 7-8).  Plaintiff did not make such allegations. Plaintiff did not allege that Defendant Cates's actions or omissions violated Plaintiff's constitutional rights because he did not name any of Defendant Cates's actions or omissions. Thus, there are no allegations that Cates personally participated in the alleged constitutional deprivations, that Cates instituted a policy causing such deprivations, that Cates knew of such deprivations but failed to prevent them, or that Cates failed to train or to supervise his subordinates in ways that led to any alleged deprivations. Moreover, Plaintiff did not add any defendants to this action or make any allegations against any other individual.

Furthermore, the SAC does not allege how serious of the allegedly unconstitutional conditions of confinement are. It does not describe the isolation procedures, quarantine procedures, or testing procedures that are in place. Plaintiff does not allege how long he has gone

without soap or disinfectant or the consequences of this, if any. Accordingly, Plaintiff failed to correct the deficiencies the Court previously identified. As such, Plaintiff has failed to state a claim under the Eighth Amendment.

**B. State-Law Claims**

Plaintiff also claims violations under the California constitution. The Court has found Plaintiff failed to state any federal-law claims. As such, the Court finds that the exercise of supplemental jurisdiction over Plaintiff's state-law claim is not appropriate. 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'" (alteration in original) (citation omitted)). Accordingly, Plaintiff's state-constitution claim should be dismissed, without prejudice to Plaintiff re-filing the claim in state court.

**VI.   LEAVE TO AMEND**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

This is Plaintiff's third complaint. The defects identified in this screening are nearly identical to those identified in the second screening. They are also similar to those identified in the first screening. Accordingly, the Court finds that further amendments will be futile. Thus, the Court does not recommend granting leave to amend.

**VII.   CONCLUSION**

Based on the foregoing, IT IS HEREBY RECOMMENDED THAT

1. Plaintiffs' Second Amended Complaint be dismissed, without leave to amend;
2. Plaintiff's constitutional claim be dismissed with prejudice for failure to state a claim;
3. Plaintiff's state-law claim be dismissed for lack of subject-matter jurisdiction without prejudice to Plaintiff re-filing such claim in state court; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In addition, it is HEREBY ORDERED that the Clerk of Court is respectfully directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **January 28, 2021**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE